FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2012 OCT 31  AM 11: 48

MIDDLE DISTRICT COURT
ORLANDO, FLORIDA

Danielle Tacoronte
   Plaintiff

v.

                               Case# 6:12-CV-1626-ORL-36-TBS

PROFESSIONAL RECOVERY SERVICES, INC
   Defendant

## COMPLAINT

    Plaintiff, Danielle Tacoronte, individually, hereby sues Defendant, PROFESSIONAL

RECOVERY SERVICES, INC, for violations of the Fair Debt Collection Practices Act

(FDCPA) 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA.

STAT. §559(Part VI), and the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681.

## PRELIMINARY STATEMENT

1.    This is an action for damages and injunctive relief brought by Plaintiff against Defendant

       for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 and

       the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI)

       and the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681.

2.    Upon belief and information, Plaintiff contends that many of these practices are

       widespread by the Defendant.  Plaintiff intends to propound discovery to Defendant

       identifying these other individuals who have suffered similar violations.

3.    Plaintiff contends that the Defendant have violated such laws by repeatedly harassing

       Plaintiff in attempts to collect alleged but nonexistent debt.

(b) Defendant violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(c) (b) Defendant violated 15 U.S.C.§ 1692 f , using unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE,** Plaintiff demands judgment for damages against Professional Recovery Services, Inc, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C §1692k.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC.

23.     Plaintiff alleges and incorporates the information in paragraphs 1 through 18.

24.     Plaintiff is a consumer within the meaning of §559.55(2).

25.     PRS is a debt collectors within the meaning of §559.55(6).

26.     Defendant violated §559.72(9) by claiming, attempting or threatening to enforce a debt

        when such persons knew that the debt was not legitimate.

        **WHEREFORE,** Plaintiff demands judgment for damages against PROFESSIONAL

RECOVERY SERVICES, INC, for actual or statutory damages, and punitive damages,

attorney's fees and costs, pursuant to Fla. Stat. §559.77.

15.   On January 13, 2012 and again on March 1, 2012 Defendant used false representation to
      collect or attempt to collect a debt.

16.   Plaintiffs are in violation of Florida Statutes 559.715, which are a condition precedent
      and applies to those entities receiving assignments of consumer debts and, having
      failed to comply by providing notice to Defendant within 30 days after assignment,
      Plaintiff is precluded as a matter of law from attempting to collect the alleged debt in
      Florida.

17.   Plaintiff obtained her consumer credit reports from the three major credit reporting
      agencies and found entries by entities that she was unfamiliar with in her TransUnion
      report.

18.   Plaintiff found after examination of her TransUnion consumer credit report that Defendant
      had obtained Plaintiff's TransUnion consumer credit report in January 2012 without
      permissible purpose. Exhibit "B"


### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692
### BY DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC,

19.   Plaintiff alleges and incorporates the information in paragraphs 1 through 18.

20.   Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

      21. Defendant PRS is a debt collector within the meaning of the FDCPA, 15 U.S.C.
          §1692a(6).

      22. Defendant violated the FDCPA. Defendant's violations include, but are not
          limited to, the following:

      (a) Defendant violated 15 U.S.C. §1692e(2) by falsely representing the character,
          amount, or legal status of any debt.

## COUNT III

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC**

Paragraphs 1 through 18 are re-alleged as though fully set forth herein.

27. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

28. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

29. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

30. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

31. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

32. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

33. In January 2012, Defendant obtained the TransUnion consumer credit report from the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

34. Plaintiff sent a notice, by certified mail, to Defendant of their violation in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to her correspondence.

39. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for statutory damages attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted ther 31st of October, 2012

Respectfully submitted,

By _____

J. Marshall Gillmore, Esq.
Counsel for Plaintiff
1936 Lee Road, Suite 100
Winter Park, FL  32789
Phone 407 629-7322
Fax     407 599-3801
mgilmore@mgilmorelaw.com