UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE TACORONTE,

Plaintiff,

Case No.: 6:12-cv-1626-ORL-36-TBS

v.

PROFESSIONAL RECOVERY
SERVICES, INC.,

Defendant.
_____/

## DEFENDANT, PROFESSIONAL RECOVERY SERVICES'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant PROFESSIONAL RECOVERY SERVICES (hereinafter referred to as "Defendant"), by and through its undersigned counsel, and hereby file this its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

### PRELIMINARY STATEMENT

1. Admitted for jurisdictional purposes only, otherwise denied.

2. Denied, Defendant demands strict proof thereof.

3. Denied, Defendant demands strict proof thereof.

4. No response as this paragraph in the Complaint contains no allegations.

### JURISDICTION AND VENUE

5. Admitted for jurisdictional purposes only, otherwise denied.

6. Admitted for purposes of venue only, otherwise denied.

7. Admitted for jurisdictional purposes only, otherwise denied.

### PARTIES

8. Admitted.

9. Admitted.

## FACTUAL ALLEGATIONS

10. Admitted only that Exhibit A hereto purports to be an accurate copy of correspondence sent to Danielle S. Tacoronte by Defendant, otherwise denied.

11. Admitted only that the January 13, 2012 notice is a communication as that term is defined by the FDCPA and the FCCPA.

12. Admitted for purposes of jurisdiction and venue only.

13. Unknown at this time, therefore denied.

14. Unknown at this time, therefore denied.

15. Denied; Defendant demands strict proof thereof.

16. Defendant denies and demands strict proof thereof.

17. Unknown at this time, therefore denied; Defendant demands strict proof thereof.

18. Unknown at this time, therefore denied; Defendant demands strict proof thereof.

## COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC.

19. Defendant re-asserts and incorporates by reference the specific admissions and/or denials contained in Paragraphs 1 through and including 18 above as if specifically and fully stated herein.

20. Denied; Defendant demands strict proof thereof.

21. Admitted.

22. a. Denied; Defendant demands strict proof thereof.

    b. Denied; Defendant demands strict proof thereof.

    c. Denied; Defendant demands strict proof thereof.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC.

23.  Defendant re-asserts and incorporates by reference the specific admissions and/or denials contained in Paragraphs 1 through and including 18 above as if specifically and fully stated herein.

24.  Denied; Defendant demands strict proof thereof.

25.  Admitted.

26.  Denied; Defendant demands strict proof thereof.

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC.

Defendant re-asserts and incorporates by reference the specific admissions and/or denials contained in Paragraphs 1 through and including 18 above as if specifically and fully stated herein.

27.  Denied; Defendant demands strict proof thereof.

28.  This paragraph contains no allegations against this Defendant, therefore no response is necessary from this Defendant. To the extent any allegation is asserted against this Defendant, either directly or indirectly, such is denied.

29.  This paragraph contains no allegations against this Defendant, therefore no response is necessary from this Defendant. To the extent any allegation is asserted against this Defendant, either directly or indirectly, such is denied.

30.  Admitted.

31. This paragraph contains no allegations against this Defendant, therefore no response is necessary from this Defendant. To the extent any allegation is asserted against this Defendant, either directly or indirectly, such is denied.

32. Unknown at this time, therefore denied. Defendant demands strict proof thereof.

33. Unknown at this time, therefore denied. Defendant demands strict proof thereof.

34. Denied, Defendant demands strict proof thereof.

35. Complaint contains no paragraph #35.

36. Complaint contains no paragraph #36.

37. Complaint contains no paragraph #37.

38. Complaint contains no paragraph #38.

39. Denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k Section 813(c) and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bone fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

**Second Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

**Third Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) years statute of limitations under Florida's Consumer Collection Practices Act.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that at all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

**Sixth Affirmative Defense**

Defendants affirmatively alleges that the Plaintiff's claims under 15 U.S.C. Section 1692 and/or Section 559.72(9) *Fla. Stat.* do not demonstrate conduct that the Defendant attempted to enforce a debt it knew to be illegitimate.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that the Defendant did not possess the requisite actual knowledge and therefore did not violate Section 559.72(9) *Fla. Stat.*

**Eighth Affirmative Defense**

Defendant affirmatively alleges that the Plaintiff fails to demonstrate a claim for punitive damages under Florida's Consumer Collection Practices Act.

**Ninth Affirmative Defense**

Defendant affirmatively alleges that the FDCPA does not provide entitlement to punitive damages.

**Tenth Affirmative Defense**

Defendant affirmatively alleges that Plaintiff's claims for actual damages are not actionable since the damages are speculative and are not the proximate cause of any action or inaction of the Defendant.

**Eleventh Affirmative Defense**

Defendant affirmatively alleges that Plaintiff's complaint do not allege actions which rise to the level of a malicious intent to injure to support an entitlement to punitive damages under §559.77 *Fla. Stat*.

**Twelfth Affirmative Defense**

Defendant affirmatively alleges that Plaintiff fails to raise a justiciable issue of law or fact, and is liable for court costs and reasonable attorney fees incurred by Defendant.

**Thirteenth Affirmative Defense**

Defendant affirmatively alleges that this action was brought in bad faith and for the purposes of harassment and the court may award Defendant reasonable attorney fees and costs.

**Fourteenth Affirmative Defense**

Defendant affirmatively alleges Plaintiff's complaint fails to state a claim against Defendant upon which relief may be granted.

Respectfully submitted,

 */s/ Mary Grace Dyleski*_____
Mary Grace Dyleski

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **December 4, 2012**, via the Court Clerk's CM/ECF system which will provide notice to the following: J. Marshall Gillmore, 1936 Lee Road Suite 100, Winter Park, FL 32789, mgilmore@mgilmorelaw.com.

    */s/ Mary Grace Dyleski*
Ernest H. Kohlmyer, III
Florida Bar No: 110108
Mary Grace Dyleski
Floridda Bar No: 0143383
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801
Phone: (407) 245-8352
Fax: (407) 245-8361
Attorneys for Defendant